CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 12 2009
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RUSSELL MARKS, | ) | Civil Action No. 7:08-cv-00452 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Russell Marks, a federal prisoner proceeding pro se, filed this Federal Tort Claims Act[1] and Bivens[2] civil action, with jurisdiction vested in 28 U.S.C. § 1331. Marks names as defendants in their individual and official capacities: the United States of America; the Department of Justice (DOJ); the Bureau of Prisons (BOP); Harley Lappin, Director of the BOP; Tracy Johns, Warden of the United States Penitentiary at Coleman, Florida; FNU Santos and Bolle, BOP unit managers; FNU Lang and FNU Shamblee, BOP case managers; FNU Pitts, BOP Lieutenant; Unknown Named BOP Special Investigative Services; and Unknown Named BOP Designation and Sentence Computation Center staff. Marks alleges that the defendants committed various torts and deprived Marks of his Fifth and Eighth Amendment rights. After initially screening the complaint, I terminate the United States of America, the Department of Justice, and the Bureau of Prisons as defendants to this action.

I.

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, the Supreme Court held that damage suits could be maintained against federal officials for violations of the United States Constitution. 403 U.S. at 392; see Carlson v. Green, 446 U.S. 14, 24-25 (1980)

---

[1] 28 U.S.C. §§ 2671-2680.

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

(applying Bivens to constitutional claims against federal prison officials). Therefore, a Bivens claim is actionable against individuals, not against the United States or its entities. See Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) (stating no remedy under Bivens against the federal government exists, just against federal officials individually). Therefore, the United States of America, the DOJ, and the BOP cannot be defendants to a Bivens claim.

The United States is entitled to sovereign immunity and cannot be sued without its consent. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides the United States Attorney General the discretion to waive the United States' sovereign immunity so that the government may be "liable in tort in the same manner and to the same extent as a private individual under like circumstances" under the laws of the state where the tort occurred. 28 U.S.C. §§ 2674, 2679(c), (d); Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995). As a waiver of immunity, the FTCA is to be "strictly construed, and all ambiguities are resolved in favor of the sovereign." Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996).

Marks names the United States, the DOJ, and the BOP as defendants to his FTCA claim. However, agencies cannot be named in an FTCA suit, and the Attorney General determines whether the United States will be subject to a tort suit. 28 U.S.C. § 2679. Accordingly, the United States of America, the Department of Justice, and the Bureau of Prisons are terminated as defendants to this action.

II.

For the foregoing reasons, I terminate the United States of America, the Department of Justice, and the Bureau of Prisons as defendants to this action.

The Clerk is directed to send copies of this memorandum opinion and the accompanying

2

Case 7:08-cv-00452-JLK-mfu   Document 15   Filed 02/12/09   Page 2 of 3   Pageid#: 313

order to the plaintiff.

    **ENTER**: This 12th day of February, 2009.

*Jackson L. Kiser*
Senior United States District Judge